**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00038-CV**
_____

**IN RE COMMITMENT OF RAYMOND GLENN SCOTT**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-06-06579-CV**

**MEMORANDUM OPINION**

Raymond Glenn Scott filed a notice of appeal from a post-judgment civil commitment order denying Scott's request to be transferred to less restrictive housing. On February 9, 2022, we advised the parties, by letter, that the order does not appear to be appealable. We asked the parties to respond to our jurisdictional inquiry by providing us with any rule or statute they claimed could be applied to Scott's appeal and explain how those provisions, if any, gave this Court jurisdiction to consider an appeal of the order. In response, Scott asked the Court to allow the appeal to proceed as a permissive appeal. *See generally* Tex. R. App. P. 28.3.

While the trial court retains jurisdiction during the periods that a civil commitment judgment remains in effect, we lack appellate jurisdiction over interlocutory orders signed after the judgment in the civil-commitment case becomes final. *See In re Commitment of Welsh*, No. 09-21-00139-CV, 2021 WL 2583422, at *1 (Tex. App.—Beaumont June 24, 2021, no pet.) (mem. op.); *In re Commitment of Bohannan*, No. 09-20-00260-CV, 2021 WL 1134307, at *1 (Tex. App.—Beaumont Mar. 25, 2021, pet. denied) (mem. op.). This matter also does not comply with the requirements for a permissive appeal. *See* Tex. R. App. P. 28.3.

We deny Scott's motion and dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on March 9, 2022
Opinion Delivered March 10, 2022

Before Golemon, C.J., Horton and Johnson, JJ.